THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TERRY L. MINTER, Defendant-Appellee.

Third District    No. 79-380

Opinion filed October 21, 1980.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for appellant.

Terry L. Minter, of Washington, for appellee, *pro se*.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This is an appeal by the People of the State of Illinois from an order of the Circuit Court of Peoria County suppressing the testimony of a police officer during the bench trial of defendant, Terry L. Minter, who was charged with the illegal transportation of alcoholic liquor. Although we are without the benefit of an appellee's brief in this appeal, the issue can be easily decided, and we shall consider the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The suppressed testimony was that of Peoria police officer Orlando Allen, who testified that, while on routine patrol at approximately 1 a.m. on February 20, 1979, he was summoned by radio to a location where Officer James Roland had stopped an automobile. Defendant was seated behind the automobile's steering wheel, and there were four male passengers in the car. According to Allen's testimony, he observed Roland removing a number of beer bottles from under the front seat of the passenger side of the stopped automobile. Some of the bottles were unopened, and some were empty, but one open bottle was observed by Allen to contain beer.

Although Roland placed that bottle into his squad car for the purpose of preserving it as evidence, it was apparently never presented at trial. After the State concluded its case-in-chief, defendant moved to suppress Allen's testimony on the grounds that seized contraband must be introduced into evidence before testimony concerning it can be considered. Defendant's motion was allowed, as was defendant's motion for a directed verdict. This appeal followed. We reverse and remand for a new trial.

First, we should point out that this case does not involve the improper admission into evidence of a bottle containing an alcoholic beverage for which a continuous chain of custody had not been established and as to which procedures to ensure the avoidance of tampering had not been utilized. For that reason, *People v. Brown* (1972), 3 Ill. App. 3d 879, 279 N.E.2d 382, is distinguishable from the case at bar, and any reliance on *Brown* by the trial court, as the State suggests, would have been inappropriate.

Defendant's possession of contraband can be shown by circumstan-

tial evidence, even though the contraband is not presented as evidence. For example, even though no firearm is recovered, a defendant may be found guilty of the unlawful possession of a firearm where witnesses testify to the nature of the object held by the accused at the time of the incident. (*In re Ephriam* (1978), 60 Ill. App. 3d 848, 377 N.E.2d 49.) Likewise, convictions for a calculated criminal cannabis conspiracy and possession of cannabis will be upheld, in spite of the fact that the cannabis the defendant is alleged to have possessed was not presented as evidence, if a witness, who had previously seen and smoked marijuana, testifies that he or she smoked the substance in question and, by virtue of the resultant physical reaction, considered the substance to be cannabis. (*People v. Binkley* (1975), 25 Ill. App. 3d 27, 322 N.E.2d 514.) In drug cases, however, only where the witness has some personal familiarity with the substance will a nonchemist or nonbotanist be allowed to identify the nature of the substance. *People v. Park* (1977), 49 Ill. App. 3d 40, 363 N.E.2d 884.

The failure of the State to produce the contraband as evidence is certainly a factor to be considered by the trier of fact in assessing credibility. However, where the witness who testifies to the defendant's possession of said contraband has some peculiar knowledge of the substance, or the nature of the contraband is such that it would be common knowledge, then the failure to produce the contraband is not fatal to the State's case. Whether an object was a gun or whether a bottle contained beer, as opposed to some other liquid, are matters of common knowledge. Of course, the witness' experience with guns or beer would reflect on that witness' credibility.

Although the opened bottle of beer was not presented at defendant's trial, Officer Allen's testimony that a bottle containing beer was removed from the defendant's car should not have been suppressed since Officer Allen testified that he observed that the bottle contained beer.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is reversed, and the cause remanded for a new trial.

Reversed and remanded.

BARRY, J., concurs.


Mr. JUSTICE STOUDER, dissenting:

I respectfully dissent from the majority opinion which holds that the suppression of Officer Allen's testimony was error. I believe the trial court was correct in suppressing the testimony in that the State failed to lay a proper foundation for its admission. Officer Allen's testimony was that on February 20, 1979, at approximately 1 a.m., he was summoned by radio to

a location where Officer Roland had stopped a car. Allen observed Roland removing a number of beer bottles from under the front seat on the passenger side of the car. Some were unopened, some were empty, and one open bottle contained a liquid which Allen says was beer. However, the record is devoid of any evidence showing how Allen ascertained the liquid was beer. The record simply shows that Allen watched Roland remove the bottles from the car. There is no evidence that Allen took the bottle to smell its contents or that any kind of chemical analysis was performed to ascertain that the liquid was beer.

It is this failure to lay a proper foundation which distinguishes the case at bar from cases such as *People v. Binkley* (1975), 25 Ill. App. 3d 27, 322 N.E.2d 514, upon which the majority relies. In *Binkley*, the court held that although the cannabis upon which the conviction was based was not presented as evidence, because the witness was familiar with the properties possessed by marijuana, had smoked some of the contraband, and stated it was marijuana, the witness' testimony was admissible. *Binkley* is clearly distinguishable from the instant case in that in the instant case Officer Allen did not taste the liquid nor did he smell it or take any other measure by which he could identify it as beer. He merely saw some liquid in a beer bottle. This is inadequate to constitute a proper foundation. Therefore, in the absence of such a foundation I would affirm the trial court's order to suppress the testimony.