THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD M. BOALBEY, Defendant-Appellant.

Third District    No. 80-165

Opinion filed December 5, 1980.—Rehearing denied December 29, 1980.

Richard Boalbey, of Rock Island, for appellant, *pro se*.

Jeffrey W. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:
■■ In this appeal by the defendant, Richard Boalbey, from his conviction for speeding following a jury trial in the Circuit Court of Henry County, several issues are raised. However, the appellee, State of Illinois, has decided not to file a brief for consideration by this court. Although we are without the benefit of an appellee's brief, the issues raised are such

that they may be decided with reference to the record and, therefore, we will consider them. *People v. Minter* (1980), 89 Ill. App. 3d 220, 411 N.E.2d 597.

The issues raised by the defendant are: whether the defendant was immune from arrest by reason of the fact that he was proceeding to the appellate court to represent himself in an appeal; whether the trial court improperly denied the defendant's motion for a substitution of judges; whether the trial court erred by denying to the defendant the opportunity to read the law to the jury; whether the defendant was denied his right to appointed counsel; whether the evidence failed to prove the defendant guilty beyond a reasonable doubt; and whether the defendant was improperly denied the opportunity to tape record the trial court proceedings. Based on the record, none of these issues can be resolved in favor of the defendant.

■■ While the legislature has seen fit to provide attorneys and other court officers a privilege from arrest while they are going to and returning from court (Ill. Rev. Stat. 1979, ch. 13, par. 9, and ch. 38, par. 107—7(d)), we construe this privilege strictly so as to apply only to persons licensed to practice law (Ill. Rev. Stat. 1979, ch. 13, par. 1) and not to *pro se* parties.

■■ The motion for substitution of judges was also untimely made. The defendant admitted in open court to having known Judge Barnes would preside at the trial by January 29, 1980, for it was on that date that the defendant addressed a letter to Judge Barnes pertaining to the cause. However, the defendant's motion for substitution was not filed until the day of trial, to-wit, February 13, 1980. Since a defendant may, within 10 days of a cause being placed on the trial call of a judge, move for substitution (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)), it is apparent that the defendant's motion was not timely made.

■■ As for the issue concerning the appointment of counsel, we note that this defendant has been fined $25 plus costs. Therefore, we need not determine whether the defendant's indigency had been properly demonstrated, for the United States Supreme Court has refused to apply the sixth and fourteenth amendments in favor of a defendant who merely receives a fine. *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158.

■■■ Moreover, it is the judge, not a party or his attorney, who has the duty to instruct the jury as to the law (Ill. Rev. Stat. 1979, ch. 110, par. 67), and we find no abuse of discretion in the trial judge's denial to the defendant of an opportunity to read the law to the jury. Likewise, we find no abuse of discretion in the trial judge's refusal to allow the proceedings to be recorded on tape. A court reporter was present during the proceedings and a transcript has been provided to this court. While the defendant alleges that the accuracy of the transcript is suspect without a

comparison to a recording, the defendant has failed to demonstrate from the record any inaccuracies in the report of proceedings. In any event the tape recording would be outside the record, since the supreme court rules provide other alternatives for reporting proceedings, and those only where the proceedings have not been transcribed. Ill. Rev. Stat. 1979, ch. 110A, par. 323(c), (d).

Lastly, we consider the defendant's contention that he was not proved guilty beyond a reasonable doubt because the State failed to establish the accuracy of the radar. The defendant complains that the State trooper had three radios in his car within inches of the radar unit and that the State trooper stated the radar would not pick up small or stationary objects and that a damaged tuning fork would not give a false reading.

However, a review of the trooper's testimony indicates that he agreed a defective tuning fork used in calibrating the radar unit would cause the unit to read inaccurately. He admitted he did not know if electricity affected radar and that he was not familiar with the internal workings of the unit, but only how to operate it. On the other hand, the trooper did testify that according to the radar unit the defendant's vehicle was travelling at a rate of 67 miles per hour in a 55-mile-per-hour zone. The defendant presented no evidence or expert testimony which demonstrated the inaccuracy of this particular radar unit or any circumstances which would cause an inaccuracy. There was, therefore, sufficient evidence to support the finding of the jury.

Accordingly, the judgment of the Circuit Court of Henry County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.