**Charles E. TOLIVER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14395.**

United States Court of Appeals
Ninth Circuit.
July 26, 1955.

---

2. See and compare Pullman Co. v. Bullard, 5 Cir., 44 F.2d 347, 348; Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729.

Leslie C. Gillen, Gregory S. Stout, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., John H. Riordan, Jr., Richard H. Foster, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

This appeal raises two principle questions: First, one of identity of offenses, whether appellant could properly be convicted for both the violation of the narcotic laws of the United States, and conspiring to violate the narcotic laws of the United States; and Second, whether sufficient evidence was introduced by the government to sustain the conviction under counts Three and Four of the indictment.

Appellant, Charles C. Toliver, was indicted on November 18, 1953, for the violation of the narcotic laws of the United States, and for conspiring to violate such laws. The first count charged appellant with violation of the Harrison Narcotic Act, Title 26 U.S.C.A., §§ 2553 and 2557, alleged to have been committed March 7, 1953; the second count was dismissed at the conclusion of the government's case and thus does not concern us here; the third and fourth counts charged appellant with violations of the Harrison Narcotic Act, Title 26 U.S.C.A. §§ 2553 and 2557 and the Jones-Miller Act, Title 21 U.S.C.A. § 174, respectively, alleged to have been committed "on or about the 18th day of January 1952;" the fifth and final count charged appellant with conspiring to violate the narcotic laws of the United States in violation of Title 18 U.S.C.A. § 371, with overt acts alleged to have occurred on March 7, 1953 and March 11, 1953. Appellant was convicted by jury verdict on these four counts and was sentenced by final judgment made and entered on March 26, 1954, to four years imprisonment and fined $1.00 on each count. The sentences of four years on Counts One and Three were to run concurrently; the sentences on Counts Four and Five were to run concurrently but consecutively with the sentences imposed on Counts One and Three. Due to the manner of sentencing, the judgment must stand if this Court affirms the conviction of Counts One or Three, and Four or Five. Kramer v. United States, 9 Cir., 1945, 147 F.2d 202.

Appellant raises no issue on appeal as to Count One. The sentence on Count Three was concurrent therewith. There remains only a question of validity as to the convictions under Counts Four and Five.

### Identity of Offenses

Appellant contends that the lower court erred in not striking from Count Five of the indictment, the overt act of March 11, 1953, inasmuch as such act was established by the evidence to be an act subsequent to an effective with-

drawal from the conspiracy, if one existed. With the deletion of such overt act, appellant submits that the conspiracy charged in Count Five and the substantive crime charged in Count One constitute one and the same offense for which appellant is here being twice punished.

■■ Even assuming arguendo that the act of March 11, 1953, was after an effective withdrawal from the conspiracy, this would still leave the overt act of March 7, 1953 as part of Count Five, charging the conspiracy. There is no merit in appellant's contention that the conspiracy alleging an overt act on March 7, 1953, and the substantive violation of March 7, 1953 were identical offenses. The gist of the offense of conspiracy is the unlawful agreement. Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; Marino v. United States, 9 Cir., 1937, 91 F.2d 691, 113 A.L.R. 975; Takahashi v. United States, 9 Cir., 1944, 143 F.2d 118. It has long been recognized by the Federal Courts, that the commission of the substantive offense and the conspiracy to commit such are separate and distinct offenses. Pereira v. United States, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Pinkerton v. United States, 1945, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; United States v. Rabinowich, 1915, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Blumenthal v. United States, 9 Cir., 1947, 158 F.2d 883. Appellant however, argues that since the same evidence, e. g. acts, persons and time corresponds and proves both offenses, that in truth but one offense was committed, and that since the substantive crime and the overt acts were identical, the substantive offense and the conspiracy were identical.

■■ That one transaction of one set of evidentiary facts establishes the commission of more than one crime is not determinative of "identity." It is the identity of the "ultimate facts" to be proved which controls. It is the necessity for proof of a different "ultimate fact" or "essential element" which distinguishes offenses. Pereira v. United States, supra; See Blockburger v. United States, 1932, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Gavieres v. United States, 1910, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489; Carney v. United States, 9 Cir., 1947, 163 F.2d 784; Graham v. Squire, D.C.Wash.1944, 53 F.Supp. 881, affirmed, 9 Cir., 145 F.2d 348, certiorari denied 324 U.S. 845, 65 S.Ct. 676, 89 L.Ed. 1406, and not the nature of the evidence introduced to prove such fact. In many instances the substantive offense may be the sole act in carrying out the unlawful design of the conspirators, but this does not make the offenses identical, for it is the unlawful agreement and not the overt act which is punished in a conspiracy; the agreement is no less dangerous to society because the substantive crime was accomplished. Pinkerton v. United States, supra; Sneed v. United States, 5 Cir., 298 F. 911. Though the overt act of the conspiracy in the case at bar may also be the offense which was the object of the conspiracy, there is not a double punishment of it.

■ Appellant further insists that Count Five of the indictment was uncertain for failure to allege an allegation of time, and that the District Court erred in denying his motion in arrest of judgment. Speaking generally, the government has no knowledge of the exact time or place of the formation of the conspiracy, and to require it to specify the particular time and place, and limit the proof to that time and place, would defeat almost every prosecution under this act. For these reasons, we are satisfied that the time and place of the formation of the conspiracy are sufficiently fixed by the overt acts set forth in the indictment. Rubio v. United States, 9 Cir., 1927, 22 F.2d 766, 767.

Appellant places reliance upon language in the case of Joplin Mercantile Co. v. United States, 1915, 236 U.S. 531, 35 S.Ct. 291, 59 L.Ed. 705, to the effect that where the clause alleging the conspiracy did not refer to the clauses set-

ting forth the overt acts, that the latter clauses could not be resorted to in aid of the former averments. The court held that the indictment thus construed, did not charge introduction of liquor from another state, but held the indictment good as charging another offense. The case is not in point.

Count Five of this indictment states that " * * * during the existence of said conspiracy the said defendant * * *, did the following acts in furtherance of and to effect the object of the conspiracy aforesaid." Thereafter follows a recital of the two alleged overt acts and the time at which they occurred. The indictment adequately incorporates by reference the clauses setting out the overt acts. The charge of conspiracy was therefore made sufficiently definite by reference therein to the clause setting out the alleged overt acts. See, Fisher v. United States, 4 Cir., 1924, 2 F.2d 843; Woitte v. United States, 9 Cir., 1927, 19 F.2d 506; Enrique Rivera v. United States, 1 Cir., 1932, 57 F.2d 816; Heskett v. United States, 9 Cir., 1932, 58 F.2d 897.

### Sufficiency of the Evidence on Counts Three and Four.

Since the conviction and sentence on Count One (the sentence on Count Three running concurrently therewith) is not here attacked, and since the conviction and sentence on Count Five for conspiracy, *is good* (the sentence on Count Four running concurrently therewith) we could well terminate this opinion at this point. The sentences on Counts Three and Four were concurrent sentences, with other sentences which are valid. We consider however, the remaining counts.

Appellant contends that the conviction on Counts Three and Four of the indictment relating to violation of the narcotic laws of the United States on January 18, 1952, was not supported by the evidence, in that it did not establish that the transfer involved was of heroin. Appellant first insists that the witness for the government, Abe Brown, was not qualified as an expert and therefore could not testify that the substance transferred to him was in fact heroin.

We find in the record, ample evidence from which the jury could conclude that heroin was involved in the absence of the witness' own opinion. The exhorbitant price paid for the small amount of substance; the fact it was a powder; that Brown had been a user and had had previous transactions in narcotics with the appellant; that Brown bought the substance as heroin; that Brown sold the substance to his customers as heroin and that none of them "kicked" or complained, supplied sufficient evidence for the jury to draw the inference that the powder was heroin. [TR. 73–80].

Appellant would spell out that evidence for conviction on Counts Three and Four was insufficient because an inference was based on another inference to arrive at the ultimate fact that heroin was involved in the transfer. The old rule laid out in United States v. Ross [1875] 92 U.S. 281, 283, that an inference predicated upon an inference is inadmissible has been repudiated. Wigmore (3rd Ed.) Sec. 41; Jones on Evidence (2d Ed.) Sec. 364; E. K. Wood Lumber Co. v. Andersen, 9 Cir., 1936, 81 F.2d 161; Ross v. United States, 9 Cir., 1939, 103 F.2d 600; Fegles Const. Co. v. McLaughlin Const. Co., 9 Cir., 1953, 205 F.2d 637. The acceptability of the inference drawn turns on whether it has been founded upon "fact" regardless of whether such fact has been arrived at by direct or circumstantial evidence. It is even questionable whether in the case at bar, the inference was in fact based upon another inference. In either situation the jury was presented with sufficient facts from which they could justifiably infer that the product of the transfer of January 18, 1952, was heroin.

Appellant was properly convicted on all four Counts. The judgment of the lower court is affirmed.