THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PEPPE PARK, Defendant-Appellant.

Fifth District  No. 75-195

Opinion filed May 18, 1977.

JONES, J., dissenting.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Richard S. Simpson, State's Attorney, of Lawrenceville (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, and Gary W. Bomkamp, law student, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Peppe Park was found guilty by a jury in the circuit court of Lawrence County of the offense of unlawful possession of more than 2.5 but not more than 10 grams of a substance containing cannabis. Subsequently, the court sentenced the defendant to probation for one year, with the condition that defendant serve two months of periodic imprisonment. Defendant has served his sentence. He asks that we reverse his conviction because he was not proved guilty beyond a reasonable doubt and because the court erred in denying his motion to suppress evidence.

On April 25, 1974, Lawrenceville Police Chief D. S. Foster received an anonymous phone call that defendant would be participating in a transfer of marijuana at the Lawrenceville High School parking lot on that date. Foster and Patrolman Don Wolfe proceeded to the lot where they observed defendant and Barney Bass standing near Bass's automobile. Officer Wolfe ordered defendant to empty his pockets, but no contraband was found. While defendant was transported to city hall, Bass was allowed to drive his own car under the escort of Sheriff Richard Hunnicutt. Shortly after their arrival at city hall, Sheriff Hunnicutt discovered a package of "marijuana" lying at Bass's feet on the pavement.

At trial Officer Wolfe testified that after having been advised of his rights, defendant stated that he had taken the envelope from his pocket and thrown it into Bass's car as Wolfe had approached him. After the evidence was discovered, the officer took the envelope to a pharmacy where a pharmacist determined its weight to be 6 grams.

■■ Defendant maintains that the State failed to prove that the substance in the envelope admitted as People's Exhibit No. 1 was cannabis. In a prosecution for unlawful possession of cannabis it is incumbent upon the State to prove beyond a reasonable doubt not only possession of a substance and the requisite mental state, but also that the substance was indeed cannabis. (*People v. Sanford,* 24 Ill. 2d 365, 181 N.E.2d 118.) In the instant case we believe that the State did not meet its burden of proving that the substance in the envelope was in fact cannabis.

The only person called to identify the contents of People's Exhibit No. 1 was Deputy Sheriff Billy Carrico. He testified that on the day before trial, he was summoned to city hall to test the substance in question with his field narcotics testing kit which was used by the Sheriff's Department. Defense counsel objected to the results of the test kit. After a hearing in chambers on the authenticity and reliability of the kit and the qualifications of Deputy Carrico, the court ruled that the test results would not be allowed into evidence. In so ruling, the court did not hold that the results of tests conducted with all such field kits were *per se* inadmissible. Rather, the court reasoned that the State had failed to

establish the reliability of its kit used by Deputy Carrico in this particular case. The prosecution made no further attempt to establish the reliability of the test kit, but instead sought to establish Carrico's independent ability to identify the substance contained in the envelope as cannabis.

■■ Deputy Carrico explained to the jury that his opinion regarding the identity of the substance in question was based only on his experience of 3½ years as a deputy sheriff. In that capacity, he had made approximately 40 arrests involving marijuana. What he failed to explain, however, was the outcome and circumstances of those arrests. While he did state that at least one of his previous opinions regarding marijuana had been subsequently confirmed by an expert, he failed to indicate how many other times he had been correct in his identification. His ability to identify based on this experience was thus not sufficiently established by reference to his prior arrests involving marijuana.

Deputy Carrico stated that he could identify the substance in question "by feel, smell, texture, and looks." On redirect, he added, "Marijuana has a sweetish, bitter, strong scent, retains its color more than other weeds of the variety we have around here. It remains greenish, has a strong, sweet, bitter odor." But on cross-examination, it was established that Carrico had no formal schooling or training in identifying leafy plants. Despite his dubious qualifications, the deputy also described the differences in smell and appearance between cannabis and other plants such as tea leaves, alfalfa, tobacco, sage, and rosemary.

■■ Even if Carrico had been qualified to identify cannabis by sight and smell alone, the reliability of such an identification would be doubtful. We recognize that identification of cannabis based on gross morphological characteristics alone is highly prone to error. See Stein, Laessing, and Indriksons, *An Evaluation of Drug Testing Procedures Used by Forensic Laboratories and the Qualifications of Their Analysts,* Wis. L. Rev. 727, 770 (1973).

The only situation in which courts have allowed a nonchemist or nonbotanist to identify cannabis in criminal prosecutions has occurred where the witness was personally familiar with the physical characteristics and effects of cannabis and had in fact seen and smoked some of the substance sought to be identified. (*People v. Binkley,* 25 Ill. App. 3d 27, 322 N.E.2d 514; *Ewing v. United States,* 386 F.2d 10 (9th Cir. 1967).) In *Binkley* the identification of cannabis was made by a woman who had previously seen and smoked marijuana. On appeal this court deemed her testimony sufficient primarily because she had smoked the substance in question and, by virtue of her physical reaction, considered it to be marijuana. Furthermore, her testimony was corroborated by another person, who, although not having smoked the substance, was familiar with cannabis through prior experience, and testified as to its

physical similarities. In *Ewing* a witness's conclusion that she had received marijuana was competent evidence where founded upon her prior experience, rolling the cigarette herself, seeing what it looked like and the fact that it made her "high." Hence, the exception established in *Binkley, Ewing,* and several other cases in accord with their holdings (see, e.g., *People v. Robinson,* 14 Ill. 2d 325, 153 N.E.2d 65; *Toliver v. United States,* 224 F.2d 742 (9th Cir. 1955)) is inapplicable here where neither past personal experience with the effects of marijuana nor present experience with the substance in question have been established. Accordingly, we conclude that the prosecution did not prove beyond a reasonable doubt that the substance defendant possessed was cannabis. In view of this conclusion, it is unnecessary to consider defendant's other contentions.

For the foregoing reasons the judgment of the circuit court of Lawrence County is reversed.

Reversed.

CARTER, J., concurs.

Mr. JUSTICE JONES, dissenting:

With reliance on *People v. Binkley,* 25 Ill. App. 3d 27, 322 N.E.2d 514, *People v. Robinson,* 14 Ill. 2d 325, 153 N.E.2d 65, and Federal cases dealing with the proof of the identity of illegal substances by circumstantial evidence, I respectfully dissent. I believe that the majority has improperly set aside the verdict of the jury. There was sufficient evidence before the jury from which it could find beyond a reasonable doubt that the substance in question was marijuana.

In *People v. Robinson,* our supreme court was confronted with the contention that there was no evidence to establish that a powder defendant transferred was heroin when no evidence of a chemical analysis of the powder was admitted at trial. The supreme court rejected this contention stating:

> "While the evidence relating to the nature and identity of the powder obtained from the defendant is in part circumstantial, this jurisdiction has long been committed to the principle that a conviction may be based on circumstantial evidence, * * *. [Citations.] In other words, as is stated in *People v. Susanec,* 398 Ill. 507, 513, circumstantial evidence is legal evidence and when it is of such convincing nature that it satisfies the jury of the guilt of the defendant, the verdict must be sustained by the reviewing court." 14 Ill. 2d 325, 330-31.

The problem of proving beyond a reasonable doubt that the substance

possesessed and delivered by a defendant was cannabis in the absence of a chemical analysis was addressed in *People v. Binkley*. In that case, this court affirmed the trial court's finding of guilt and cited with approval a statement made by the court in *United States v. Agueci* (2d Cir. 1962), 310 F.2d 817, *cert. denied*, 372 U.S. 959, 10 L. Ed. 2d 12, 83 S. Ct. 1016. That statement was:

> "Just as with any other component of a crime, the existence of and dealing with narcotics may be proved by circumstantial evidence; there need be no sample placed before the jury, nor need there be testimony by qualified chemists as long as the evidence furnished ground for inferring that the material in question was narcotics." 310 F.2d 817, 828.

The majority of this court takes the view that the applicability of the broad language of the courts in *Binkley* and *Robinson* must be limited to the type of evidence presented in *Binkley* and *United States v. Ewing* (9th Cir. 1967), 386 F.2d 10, *cert. denied*, 390 U.S. 991, 19 L. Ed. 2d 1299, 88 S. Ct. 1192, in order to establish that the substance involved was cannabis. In both of these cases, as indicated in the majority's opinion, there was testimony by someone familiar with cannabis that he or she had smoked some of the substance in question and obtained the normal reaction associated with cannabis. I do not believe that these holdings should be so narrowly construed. Generally, an expert is qualified when because of his skill, training *or experience* he is able to form a more accurate opinion as to matters under consideration than the ordinary person. (*People v. Pruitt*, 16 Ill. App. 3d 930, 307 N.E.2d 142, *cert. denied*, 419 U.S. 968, 42 L. Ed. 2d 184, 95 S. Ct. 232; *People v. Johnson*, 32 Ill. App. 3d 36, 335 N.E.2d 144.) In my opinion, Deputy Carrico was competent to identify the substance as marijuana based on his experience as a law enforcement officer. He had been involved in 40 marijuana arrests and his opinions regarding marijuana had been borne out in some instances by chemical analyses. His identification testimony revolved around the characteristic feel, smell and appearance of marijuana and went as follows:

> "Q. Officer Carrico did you examine this very carefully to determine it was marijuana or what it was?
>
> A. Yes, I did. I examined it as carefully as I could.
>
> Q. Does marijuana have seeds in it in this form?
>
> A. Yes.
>
> Q. And is this material I have in the palm of my hand from that envelope, coming from that envelope, would you identify that as being marijuana?
>
> A. That's seeds, leaves and stems of the cannabis plant.

\* \* \*

Q. How would you describe the odor of that as distinguished from odors of similar plant life that is in the dried form?

\* \* \*

A. Marijuana has a sweetish, bitter, strong scent; retains its color more than other weeds of the variety we have around here. It remains greenish, has a strong, sweet, bitter odor."

The jury could and did properly conclude beyond a reasonable doubt that People's Exhibit 1 was marijuana from Deputy Carrico's testimony and the evidence at trial which revealed the surreptitious manner in which both defendant Park and Barney Bass handled the substance when the police arrived. Evidence that transactions involving the substance have been carried on with secrecy or deviousness is one type of circumstantial evidence which has been held relevant to proving the identity of an illegal substance. See *People v. Agueci; People v. Dolan* (4th Cir. 1976), 544 F.2d 1219, 1221, and cases cited therein.

I find support for my belief that it is not necessary to produce testimony by one who has imbibed the alleged illegal substance in order to prove the identity of that substance in two Federal cases, *United States v. Lawson* (7th Cir. 1974), 507 F.2d 433, *cert. denied,* 420 U.S. 1004, 43 L. Ed. 2d 762, 95 S. Ct. 1446, and *United States v. Toliver* (9th Cir. 1955), 224 F.2d 742. In *Lawson* there was no opinion testimony that the substance imported was cocaine. Nevertheless, the court found that there was sufficient circumstantial evidence from which the jury could have inferred that the material imported was cocaine. This evidence was: (1) that the substance was a white powder; (2) that defendant Lawson spoke of selling "cocaine"; (3) that Lawson was paid a substantial sum of money in cash for the substance; and (4) that the transaction was carried on in secrecy with the powder being packed into a cosmetic bag for transportation. In *Toliver,* a government witness did testify that a substance transferred to him was, in his opinion, heroin. However, in rejecting defendant's contention that the evidence did not establish that the transfer involved was of heroin, the court found that there was ample evidence from which the jury could conclude that heroin was involved even in the absence of the witness' own opinion, based upon evidence similar to that enumerated above with respect to the *Lawson* case. The informed opinion of Deputy Carrico and the other circumstances of record in this case provide, in my opinion, sufficient evidence for the jury's finding that the substance was marijuana. This evidence is at least as probative as the evidence relied upon in these Federal cases.

I would have affirmed the judgment of the circuit court of Lawrence County.