No. 3--06--0783

Filed August 7, 2007.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.  05--DT--1007 |
| DAVID M. ALLEN, | ) ) | Honorable Edward Burmila, Jr. |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, David Allen, was convicted in the circuit court of Will County of driving under the influence (DUI) in violation of section 11--501(a)(6) of the Illinois Vehicle Code (the Code). 625 ILCS 5/11--501(a)(6) (West 2006).  This section of the Code makes it illegal to drive with "any amount" of cannabis in a "person's breath, blood, or urine" regardless of whether there is any visible impairment.  625 ILCS 5/11--501(a)(6) (West 2006).

Defendant was sentenced to 12 months' court supervision, fined $750, and ordered to complete Level II moderate counseling. Defendant appeals his conviction, claiming that the trial court

erred by allowing a police officer to testify that he smelled cannabis on defendant's breath and further claiming that the evidence admitted at trial was insufficient to prove defendant guilty beyond a reasonable doubt of the offense charged.

## FACTS

Officer Brian Wojowski testified at defendant's trial and during a hearing on defendant's motion *in limine* and motion to suppress evidence. The officer's testimony during the hearing on defendant's motions was incorporated into the evidence adduced at trial by stipulation of the parties. Wojowski stated he was a member of the New Lenox police department and that on June 29, 2006, at approximately 3:05 p.m., he was assigned to assist the Illinois State Police with a roadside safety check in New Lenox. During the safety check, Wojowski came into contact with the defendant. Office Wojowski was called to the defendant's vehicle by Officer Furlong, who "explained" to Wojowski that he smelled burnt cannabis emitting from the car. When the officer first saw the defendant, defendant was standing behind his vehicle. Wojowski approached the defendant's vehicle and also noticed a smell of burnt cannabis coming from the vehicle. Wojowski noticed a smell and odor of burnt cannabis on defendant's breath and noticed that defendant's pupils seemed dilated. Pursuant to the trial court's ruling on defendant's motion *in limine*,

2

Wojowski was allowed to testify to his observations and the "physical state" of the defendant, but he was precluded from testifying "that dilated pupils meant to him that defendant had consumed marijuana." After making observations concerning defendant's physical condition, Wojowski then asked defendant if he had recently smoked cannabis and defendant stated, pursuant to Wojowski's testimony at trial, that he had smoked cannabis the night before.

Wojowksi stated that he worked for four years in the Chicago Housing Authority as an officer and would "frequently" arrest people in the act of smoking marijuana. He stated that "time after time after time," he had correlated "the smell of burnt cannabis to the actual lab result." Throughout his tenure in law enforcement and "hundreds" of marijuana arrests, he developed the skill to "recognize easily" the "distinctive smell" of burnt cannabis.

The officer testified that based upon defendant's admission that he had smoked cannabis within the past 24 hours, he placed defendant under arrest for DUI - drugs. Wojowski did not ask the defendant to perform any type of field sobriety tests as those tests, in the officer's opinion, are not valid to determine marijuana impairment. Wojowski admitted that there was nothing unusual about the way defendant walked, defendant's speech was

3

clear and fine, and no illegal drug paraphernalia or drug residue was located inside defendant's vehicle. Officer Wojowski noted that he could not tell from the smell of defendant's breath whether defendant had any cannabis in his blood at the time of arrest.

Specifically, the following testimony was offered at trial:

"Q. [Defense Counsel:] And on the night in question, you did, in fact, physically test my client's breath for elements of cannabis?

A. [Wojowski:] I don't believe you can.

Q. Okay. And you didn't pierce his blood to determine whether or not there was cannabis, in fact, in his system?

A. No, he refused the test.

***

Q. Okay. And from a person's breath, there's no way of indicating what amount of cannabis is in a person's blood?

A. Correct.

Q. Okay. So you can't tell me if it's zero or if it's 100 milligrams?

A. No.

Q. Okay. And you can't tell with any

4

scientific certainty if there's any cannabis in his breath outside of smell?

A. You can tell if there's cannabis on a person's breath. In a person's breath --

Q. In a person's breath?

A. -- I don't know if you can tell if there is anything in anybody's breath."

Defendant testified on his own behalf. He stated that he is a maintenance supervisor at Bally Total Fitness in New Lenox. On the day of his arrest, he worked from 6 a.m. to approximately 2:15 p.m. The defendant noted that the night before his arrest, he lent his car to his girlfriend's 16-year-old daughter and when he got into it on the morning of his arrest, it smelled "funky." Defendant stated that he did not recognize the smell emanating from the car when he entered it that morning. To him, it smelled like a "cross between cigarette and burnt paper." The defendant denied smoking cannabis and denied telling the officer that he smoked cannabis the prior evening. Defendant explained that he works with pool chemicals at the health club which can be irritating to the eyes, and he is not allowed to smoke at the health club. Defendant concluded by noting that when he got into his car to drive home, he smoked several cigarettes.

After closing arguments, the trial court made "a few

5

preliminary observations." The court noted that it believed the defendant's statement to Officer Wojowski regarding using cannabis the night before the stop was "corroborated in advance by the officer's detection of what he believed to be marijuana in both the car and on the defendant's breath." The trial court noted that the defendant chose to testify in the trial and put his credibility at issue. The court specifically noted that the defendant's credibility gave the court "some pause." The court then noted a few instances in defendant's testimony that it believed to be less than genuine. The court then took the matter under advisement and later found defendant guilty of the offense charged. This appeal followed.

ANALYSIS

Defendant's initial argument centers around the admission of Officer Wojowski's testimony. Defendant argues that the trial court improperly denied his motion *in limine* that sought to bar Wojowski's testimony concerning some of Wojowski's observations and conclusions. Defendant's motion was based on the argument that no proper scientific foundation existed that would allow Wojowski to conclude what he smelled on defendant's breath was, in fact, cannabis. A reviewing court will not reverse the trial court's ruling on a motion *in limine* absent an abuse of discretion. *People v. Kratovil*, 351 Ill. App. 3d 1023, 815

6

N.E.2d 78 (2004).

Defendant claims that *People v. Park* supports his argument that additional scientific testing was necessary before the officer should have been allowed to testify that defendant's breath contained cannabis. In *Park*, the defendant was convicted of possession of cannabis. *People v. Park*, 72 Ill. 2d 203, 380 N.E.2d 795 (1978). A police officer testified that given his training, he could identify marijuana by "'feel, smell, texture and looks.'" *Park*, 72 Ill. 2d at 207. No testimony regarding chemical testing was allowed into evidence, but the officer was allowed to testify that he believed the substance possessed by defendant to be marijuana. *Park*, 72 Ill. 2d at 207. Defendant's conviction for cannabis possession was reversed by the appellate court (*People v. Park*, 49 Ill. App. 3d 40, 363 N.E.2d 884 (1977)) and the reversal affirmed by our supreme court. *Park*, 72 Ill. 2d at 214.

After examining the propriety of expert testimony in numerous areas, the *Park* court stated:

"Thus, while the value of pregnant sows and stolen auto parts might be readily assimilated with only limited experience, the ability to draw fine distinctions between fingerprints and ballistic markings requires more thorough and

7

systematic study.  The positive identification of cannabis without the aid of chemical and microscopic analysis falls into the latter category, because it simply is far too likely that a nonexpert would err in his conclusions on this matter, and taint the entire fact-finding process.  Cross-examination often is a clumsy, counterproductive and therefore ineffective means of purging that taint.  Accordingly, we hold that Carrico's statement that the substance was in fact marijuana should not have been admitted and did not help to establish this element of the State's burden."  *Park*, 72 Ill. 2d at 211.

The State does not attempt to differentiate *Park*, but instead argues that *People v. Glisson* should guide our decision. In *Glisson*, a traffic stop led to officers discovering anhydrous ammonia in the defendant's vehicle.  *People v. Glisson*, 359 Ill. App. 3d 962, 835 N.E.2d 162 (2005).  A police officer testified that upon approaching the car, he could detect the faint odor of anhydrous ammonia.  *Glisson*, 359 Ill. App. 3d at 965.  After the trunk to the vehicle was opened, the smell of anhydrous ammonia became much stronger.  In *Glisson*, the only evidence that the substance found in the trunk was anhydrous ammonia was the

8

testimony of three officers regarding the odor that they smelled. *Glisson*, 359 Ill. App. 3d at 966.

After discussing a great number of cases, the *Glisson* court stated:

> "Although we have found no case precisely on point, we think the officers' testimony regarding the smell of the anhydrous ammonia was sufficient due to its distinctive odor. Our conclusion is bolstered by the impossibility of performing forensic testing on anhydrous ammonia. See *Park*, 72 Ill. 2d at 213-14, 380 N.E.2d at 800-01 (finding testimony that a substance was marijuana insufficient to prove that it was in fact marijuana due, in part, to the availability of a simple test); *People v. Maiden*, 210 Ill. App. 3d 390, 400, 569 N.E.2d 120, 126-27 (1991) (testing one of three samples of a substance for the presence of PCP was insufficient where it would be easy for the State to test the remaining samples)." *Glisson*, 359 Ill. App. 3d at 969.

In the case at bar, just as in *Glisson*, no forensic test was available to Officer Wojowski to determine the chemical

9

composition of what he smelled on defendant's breath.  Wojowski
testified that, to his knowledge, no test existed to "physically
test *** breath for elements of cannabis."  Defendant assured no
test was available to determine if cannabis was in his system by
refusing a blood and urine test.  Moreover, given the officer's
testimony and general common knowledge, burnt cannabis, just like
anhydrous ammonia, has a distinctive smell.  These factors
convince us that this case is more analogous to *Glisson* than
*Park*.  *Park* did not involve burnt cannabis and the officers in
*Park* had ample time to chemically test the substance they
believed to be cannabis prior to defendant's trial for illegal
possession of cannabis.  Given the holding and reasoning of
*Glisson*, we cannot say it was an abuse of discretion for the
trial court to allow Officer Wojowski to testify that he smelled
cannabis on defendant's breath.

Defendant's final contention on appeal is that the State
failed to introduce sufficient evidence to prove him guilty
beyond a reasonable doubt of the offense charged.  The standard
of review in an appeal challenging a criminal conviction based on
the sufficiency of the evidence is whether, after the viewing the
evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  *People v. Collins*, 106

10

Ill. 2d 237, 478 N.E.2d 267 (1985).

The trial court specifically found that defendant's testimony was not credible and that the testimony of Wojowski concerning defendant's admission that he smoked marijuana the night before his arrest was corroborated by the officer's detection of the smell of burnt cannabis both in the car and on defendant's breath. Section 11--501(a)(6) of the Illinois Vehicle Code (625 ILCS 5/11--501(a)(6) (West 2006)) states that a person shall not drive or be in actual physical control of any vehicle within the State while there is any amount of drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis.

We agree with defendant that the evidence adduced at trial was insufficient to prove him guilty beyond a reasonable doubt. To prove all of the elements of the offense charged, the State needed to prove beyond a reasonable doubt that defendant had cannabis "in" his breath, urine, or blood. 625 ILCS 5/11--501(a)(6) (West 2006). The only witness called by the State was Officer Wojowski, who clearly stated that it was "impossible" to tell whether defendant had zero milligrams or 100 milligrams of cannabis in his breath or blood. This testimony by Officer Wojowski is fatal to the State's case. The statute does not criminalize having breath that smells like burnt cannabis.

11

Furthermore, even though the trial court found the officer's testimony credible regarding defendant's admission of smoking cannabis the night before his arrest, the State put on no evidence that there would have been "any amount" of the illegal drug in defendant's breath, urine, or blood" at the time of defendant's arrest as a result of smoking cannabis the night before. The State needed some testimony that, based on the evidence, defendant had at least some cannabis or THC "in his breath, urine, or blood." Therefore, we find that the State failed to prove defendant guilty of the offense charged beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

McDADE and O'BRIEN, JJ., concur.

12