NOTICE

Decision filed 08/23/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0613

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 08-CF-157 |
| | ) | |
| JEFFREY D. FOLTZ, | ) | Honorable |
| | ) | Patrick J. Hitpas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE STEWART delivered the opinion of the court:

The defendant, Jeffery D. Foltz, appeals from a final judgment of conviction entered by the Marion County circuit court upon a jury verdict of guilty of the offense of aggravated driving under the combined influence of alcohol and drugs (DUI) (625 ILCS 5/11-501(a)(5) (West 2008)). The defendant argues that he was not proven guilty beyond a reasonable doubt because the only evidence of drug use presented at the trial was that a police officer smelled the odor of burnt cannabis in the defendant's vehicle. We reverse.

BACKGROUND

On May 9, 2008, the State charged the defendant by information with one count of aggravated driving under the combined influence of alcohol and drugs. The parties stipulated that, at the time of the violation, the defendant's driver's license was suspended. As a result of the stipulation, the jury did not have to consider the elements that made his offense "aggravated." The jury would only consider elements of driving under the combined influence of alcohol and drugs. However, if the defendant was found guilty, the stipulation would raise the offense to a Class 4 felony.

1

Before the trial began, the court considered two motions *in limine*. In the first motion, the defendant sought to exclude all of his prior convictions from being introduced during any stage of the trial. The court granted the motion. In the second motion, the defendant sought to exclude any evidence or testimony concerning alleged cannabis. The court granted the motion regarding a plastic bag containing alleged cannabis and an alleged cannabis cigarette found during the search of the defendant's vehicle, but it denied the motion regarding the testimony of the arresting police officer, Shawn Wilkey. The trial court ruled that the existence of the plastic bag and the cigarette could not be introduced during the trial because those items had been "lost" after the defendant's arrest and had not been subjected to chemical testing. However, the court ruled that Officer Wilkey would be allowed to testify as an ordinary person, not as an expert, regarding the odor of cannabis.

During the trial, only two witnesses testified. The first witness, for the State, was Officer Wilkey. Officer Wilkey testified that he had completed his law enforcement training in early 2008 and had been employed by the Wamac police department for approximately two years at the time of the trial. As a part of his training, Officer Wilkey had to complete 24 hours of standardized field sobriety school to learn how to determine intoxication and make proper DUI arrests. His training included how to look for signs and indicators of intoxication but not how to identify drugs or alcohol by smell. Despite the fact that Officer Wilkey was not trained to identify drugs or alcohol by smell, he testified that he was familiar with the smell of both alcohol and drugs from his life experience as well as the prior DUI and possession arrests he had performed.

Officer Wilkey testified that, on May 9, 2008, at 4:20 a.m., he was stationed at the intersection of East 17th and Wabash in Wamac, Illinois, when he saw a car run a four-way stop sign. The car belonged to the defendant. Upon initial contact with the defendant, Officer Wilkey asked him for his driver's license, which he was unable to produce. Officer

2

Wilkey stated that he smelled cannabis coming from the car when the defendant rolled down his window. Officer Wilkey testified that while trying to obtain the defendant's driver's license, the defendant began to beg the officer to follow him home, and he noticed the smell of alcohol on the defendant's breath. Based upon his observations, Officer Wilkey decided to perform the standardized field sobriety tests. He stated that his training included the proper performance of the field sobriety tests and that he had performed them on numerous occasions.

Officer Wilkey asked the defendant to perform the walk-and-turn test and the one-leg-stand test. He explained that, at the time he asked the defendant to perform the field sobriety tests, the weather was clear and warm, the ground was level, and the road was smoothly paved. He first demonstrated and explained the walk-and-turn test. Officer Wilkey testified that the defendant appeared to understand his instructions and did not demonstrate any physical conditions that would impair him from performing the tests. The defendant failed the walk-and-turn test by beginning before he was instructed to begin, not touching heel to toe, and counting past nine steps. Officer Wilkey then explained and demonstrated the one-leg-stand test. He stated the defendant also failed this test by putting his foot down more than once and using his arms to keep his balance. At this time, Officer Wilkey placed the defendant under arrest for DUI.

Officer Wilkey stated that the defendant refused to place his hands behind his back and told him that he was going to the side of the road to urinate. Officer Wilkey told the defendant he could not urinate in public, and he tried to place handcuffs on him, but he "jerked his arm away." He then sprayed the defendant with pepper spray. Officer Wilkey stated that, despite the pepper spray, the defendant continued to "wrestle" with him and that he called for backup. He then gave the defendant another burst of pepper spray and secured the handcuffs on him. Officer Wilkey testified that the backup officers assisted in placing

3

the defendant in the squad car and that he drove the defendant to the hospital, where he read the defendant the warning to motorists. The warning notifies motorists of their rights if they refuse or submit to chemical testing. Officer Wilkey testified that the defendant entered the hospital and refused to submit to blood or urine tests.

During cross-examination, Officer Wilkey admitted that this was his first arrest for driving under the combined influence of alcohol and drugs. He also admitted that he had never before made an arrest for driving under the influence of drugs. He stated that, upon his initiating the traffic stop, the defendant made a successful left-hand turn and the defendant did not have slurred speech or glassy eyes. He also indicated that the defendant's ability to stand and walk was not impaired.

Officer Wilkey testified that the only way to distinguish if a person is under the influence of drugs rather than alcohol is chemical testing. He stated that the field sobriety tests and many other signs of intoxication may indicate drug intoxication but that they may also indicate alcohol intoxication. Officer Wilkey's belief that he detected the odor of burnt cannabis is what led him to charge the defendant with driving under the combined influence of alcohol and drugs.

At the conclusion of Officer Wilkey's testimony, the defendant made a motion for a directed verdict on the ground that the State had not proved all of the elements required for a charge of driving under the combined influence of alcohol and drugs. The trial court denied the motion, finding that there was enough evidence from which the jury could determine whether the defendant was under the combined influence of alcohol and drugs. The next witness, for the defense, was Kevin McClain. McClain testified as an expert witness on field sobriety tests. McClain stated that the walk-and-turn test, when done correctly, is 68% accurate in determining alcohol impairment and that the one-legged-stand test is 65% accurate. McClain stated that, also, if used, the horizontal-gaze-nystagmus

4

(HGN) test is 77% accurate. Officer Wilkey did not ask the defendant to perform the HGN test. McClain also testified that the HGN test can help determine if a person is under the influence of cannabis if the officer examines the suspect's eyes, specifically, the pupils. However, nystagmus, or jerking of the eye, is primarily used to determine alcohol impairment. He stated that one would not see nystagmus if a person was under the influence of cannabis alone. McClain also stated that many signs of alcohol intoxication are also signs of drug intoxication, such as the defendant's belligerent behavior and "loss of inhibitions." The jury returned with a verdict against the defendant for driving under the combined influence of alcohol and drugs, and the court sentenced the defendant to two years of probation. The defendant filed a timely notice of appeal.

ANALYSIS

On appeal, the defendant contends that he was not proven guilty beyond a reasonable doubt of driving under the combined influence of alcohol and drugs because the only evidence of drug use was that the police officer allegedly smelled the odor of burnt cannabis in his vehicle. We agree. When reviewing a criminal case challenging the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).

The elements required to prove driving under the combined influence of alcohol and drugs are (1) that a person is driving or in actual physical control of a vehicle (2) while under the combined influence of alcohol and drugs and (3) to a degree that renders that person incapable of driving safely. 625 ILCS 5/11-501(a)(5) (West 2008). When a person is charged with driving under the combined influence, it is not sufficient to only show that the defendant had enough alcohol *or* enough drugs in his system to render him incapable of

5

driving. Rather, the state must prove that the defendant had *both* some alcohol in his system *and* some drugs in his system. *People v. Vanzandt*, 287 Ill. App. 3d 836, 844, 679 N.E.2d 130, 136 (1997). Even if the alcohol alone or the drugs alone would not independently render him incapable of driving, if there is evidence that their combined effect rendered him incapable of driving safely, then the charge may be sustained. *Vanzandt*, 287 Ill. App. 3d at 844, 679 N.E.2d at 136. The defendant in our case does not dispute that the State presented sufficient evidence to show that he had some alcohol in his system. The defendant contends, however, that the State failed to present sufficient evidence to prove beyond a reasonable doubt that some drug was present in his system at the time of his arrest.

It is well-established that the average adult is competent to testify regarding alcohol intoxication because it is within the common experience of most adults. *Vanzandt*, 287 Ill. App. 3d at 845, 679 N.E.2d at 136. However, with regard to drug intoxication, Illinois courts have generally held "that the testimony of police officers that a defendant was under the influence of drugs would be sufficient, provided that the officers had relevant skills, experience, or training to render such an opinion." *Vanzandt*, 287 Ill. App. 3d at 845, 679 N.E.2d at 136.

In *Vanzandt*, the defendant was charged with driving under the combined influence of alcohol and drugs. *Vanzandt*, 287 Ill. App. 3d at 837, 679 N.E.2d at 131. After a traffic stop, the defendant fell "partially out" of his vehicle. *Vanzandt*, 287 Ill. App. 3d at 838, 679 N.E.2d at 131. The arresting officer smelled alcohol coming from the defendant's vehicle and breath, the defendant slurred his speech, and he refused to submit to field sobriety and breath tests. *Vanzandt*, 287 Ill. App. 3d at 838, 679 N.E.2d at 132. The defendant also told the arresting officer that he was a diabetic and took insulin. *Vanzandt*, 287 Ill. App. 3d at 838, 679 N.E.2d at 132. The officer testified that he knew that diabetics who drink alcohol can suffer negative reactions, but he could not testify how much alcohol it would take to

6

cause those reactions. *Vanzandt*, 287 Ill. App. 3d at 839, 679 N.E.2d at 132-33. Although the police officer had 18 years of experience regarding DUI arrests for both alcohol and drugs, his only experience with insulin came from his personal experience with a diabetic relative. *Vanzandt*, 287 Ill. App. 3d at 839, 679 N.E.2d at 132. This court found that the police officer did not have the requisite skills, experience, or training to testify about the effects of alcohol on people with diabetes. *Vanzandt*, 287 Ill. App. 3d at 845, 679 N.E.2d at 136. The conviction was consequently reversed because the State failed to produce any other evidence that insulin itself or in combination with alcohol would render a person incapable of driving safely. *Vanzandt*, 287 Ill. App. 3d at 845, 679 N.E.2d at 136.

In *People v. Jacquith*, 129 Ill. App. 3d 107, 108, 472 N.E.2d 107, 108 (1984), the defendant was charged with driving under the combined influence of alcohol and drugs. After being stopped, the defendant stumbled out of his vehicle, his breath smelled of alcohol, he failed field sobriety tests, he had slurred speech, and he demonstrated "hyperactivity." *Jacquith*, 129 Ill. App. 3d at 109, 472 N.E.2d at 109. Two officers testified that the defendant's behavior led them to believe he was under the influence of something else in addition to alcohol. *Jacquith*, 129 Ill. App. 3d at 109-10, 472 N.E.2d at 109. The court reversed the defendant's conviction and held that the testimony of the two police officers was insufficient to find the defendant guilty beyond a reasonable doubt because neither officer testified he had experience with narcotics users or had made any arrests for driving under the influence of drugs. *Jacquith*, 129 Ill. App. 3d at 115, 472 N.E.2d at 112-13.

In the case before us, Officer Wilkey did not have the necessary experience to provide sufficient testimony that the defendant was under the influence of drugs. At the time of the arrest, he had less than two years' experience as a police officer, and this was his first arrest for driving under the influence involving drugs. Furthermore, Officer Wilkey did not have any specific training in drug recognition. Therefore, Officer Wilkey's testimony is

7

insufficient to prove the defendant was under the influence of drugs or the combination of alcohol and drugs.

In addition, the evidence does not prove the defendant had cannabis in his system at the time of his arrest. In a similar case, a defendant was arrested for driving under the influence of cannabis. *People v. Allen*, 375 Ill. App. 3d 810, 811, 873 N.E.2d 30, 31 (2007). In *Allen*, the arresting officer testified he smelled burnt cannabis coming from the defendant's car and breath, his pupils were dilated, and his speech was clear. *Allen*, 375 Ill. App. 3d at 812, 873 N.E.2d at 31-32. The arresting officer found no drugs or paraphernalia in the vehicle, and he did not ask the defendant to perform any field sobriety tests, but the defendant admitted to smoking cannabis the night before. *Allen*, 375 Ill. App. 3d at 812, 873 N.E.2d at 31-32. In addition, the arresting officer was the only witness to testify at the trial, and he testified that it was impossible to tell whether the defendant had zero milligrams or 100 milligrams of cannabis in his breath or blood. *Allen*, 375 Ill. App. 3d at 813, 873 N.E.2d at 32. "This testimony by Officer Wojowski is fatal to the State's case." *Allen*, 375 Ill. App. 3d at 816, 873 N.E.2d at 34-35. Based on this evidence, the court found that there was insufficient evidence to prove beyond a reasonable doubt that the defendant had any amount of drugs in his breath, urine, or blood at the time of his arrest. *Allen*, 375 Ill. App. 3d at 816, 873 N.E.2d at 34-35.

The facts in the case at bar are similar to the facts in *Allen*. The smell of burnt cannabis coming from the defendant's car does not prove that he had smoked cannabis that evening or that cannabis was in his breath, blood, or urine at the time of his arrest. Furthermore, the remaining evidence of intoxication is far less than the evidence presented in any of above-cited cases. The defendant did not have slurred speech, dilated pupils, glassy eyes, bloodshot eyes, trouble walking, or trouble getting out of his vehicle, nor did he admit to recently smoking cannabis. The only evidence of the defendant's impairment is his failure

8

to pass the field sobriety tests that were administered. However, similar to the police officer's testimony in *Allen*, Officer Wilkey testified that the defendant's signs of impairment could be indicators that drugs, alcohol, or both were present. Therefore, we agree with the defendant that there is insufficient evidence to prove him guilty beyond a reasonable doubt for driving under the combined influence of alcohol and drugs.

## CONCLUSION

For all of the reasons stated, we reverse the trial court's judgment of conviction.


Reversed.


WELCH and DONOVAN, JJ., concur.

NO. 5-08-0613

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 08-CF-157 |
| | ) | |
| JEFFREY D. FOLTZ, | ) | Honorable |
| | ) | Patrick J. Hitpas, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed**: August 23, 2010

---

**Justices**: Honorable Bruce D. Stewart, J.

Honorable Thomas M. Welch, J., and
Honorable James K. Donovan, J.,
Concur

---

**Attorneys for Appellant**

Michael J. Pelletier, State Appellate Defender, Gary R. Peterson, Deputy Defender, Arden J. Lang, Assistant Appellate Defender, Office of the State Appellate Defender, Fourth Judicial District, 400 West Monroe Street, Suite 303, P.O. Box 5240, Springfield, IL 62705-5240

---

**Attorneys for Appellee**

Hon. Matt Wilzbach, State's Attorney, Marion County Courthouse, P.O. Box 157, Salem, IL 62881; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Fifth District Office, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

---