**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220025-U

Order filed June 28, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0025 Circuit No. 20-DT-2177 |
| | ) | |
| JAMES T. MONDAY, | ) ) | Honorable Michael W. Fleming, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justice McDade concurred in the judgment.
Justice Brennan specially concurred.

**ORDER**

¶ 1     *Held*:  The evidence was insufficient to convict defendant of driving while under the influence of a drug.

¶ 2     Defendant, James T. Monday, appeals from his conviction for driving while under the influence (DUI). Defendant argues the State failed to prove beyond a reasonable doubt that he was under the influence of a drug at the time of the incident. We reverse.

I. BACKGROUND

¶ 4    Defendant was charged with DUI (625 ILCS 5/11-501(a)(4) (West 2018)), operating an uninsured motor vehicle (*id.* § 3-707(a)), and driving too fast for conditions or failure to reduce speed to avoid an accident (*id.* § 11-601(a)). At a bench trial, Kevin Gordon testified that he was driving around noon or 1 p.m. on November 28, 2020, and he stopped at a stoplight. While waiting to make a right turn, Gordon noticed the vehicle in front of him start to roll backwards toward him with no reverse lights on. Gordon laid on his horn, but the vehicle continued to roll backwards, hitting Gordon's vehicle. Defendant exited the driver's side door of the vehicle in front of Gordon, approached Gordon, and asked what happened. Defendant and Gordon pulled their vehicles into a nearby gas station and waited for the police.

¶ 5    Officer Paulina Noga of the Darien Police Department arrived several minutes later. While speaking with defendant, Noga noticed defendant was leaning against his vehicle, had his shoes on the opposite feet, had pinpoint pupils, and exhibited slowed and slurred speech. Noga testified that the pinpoint pupils and slurred speech indicated possible impairment. Defendant denied taking any alcohol or drugs when asked by Noga. Defendant informed Noga that he was rear-ended by Gordon while on his way to work. Defendant provided Noga with two different start times for his shift, once saying he began at 1 p.m. and later stating it was 2 p.m. Defendant provided a driver's license and expired insurance card. Noga asked defendant if his address on the driver's license was up to date, and he responded it was not since he had moved. When asked where his current driver's license was, defendant stated that his dog ate it.

¶ 6    Noga asked defendant to perform field sobriety tests, which were recorded on Noga's squad car camera and admitted at trial via stipulation. Defendant performed the horizontal gaze nystagmus (HGN) test and the walk-and-turn test. Defendant showed all six clues in the HGN test

and noticeably swayed back and forth while performing the test. Noga testified that this indicated "consumption." On the walk-and-turn test, defendant showed four out of eight clues, where defendant was unable to keep his balance while listening to instructions, started before the instructions were finished, stepped off the line, and made an improper turn. Noga testified that this indicated "impairment." Throughout Noga's interaction with defendant, he repeatedly blamed Gordon for the accident, and had to be repeatedly told to keep his hands out of his pockets. While performing an inventory of defendant's vehicle, Noga detected an odor of cannabis and found rolling papers. Based upon defendant's performance during the field sobriety tests and the smell of cannabis in his vehicle, Noga believed defendant was impaired and arrested him on suspicion of DUI.

¶ 7        At the police station, Noga observed defendant falling asleep while he waited for the paperwork to be completed and struggling to maintain his balance during fingerprinting. Defendant informed Noga he was confused as to why he was being arrested and stated he was coming back from work, contradicting his earlier statement at the gas station. When asked if there was someone who could pick up defendant, he said his father could pick him up in 20 to 30 minutes and would be coming from North Carolina.

¶ 8        Noga testified that at the time of the arrest, she was employed by the City of Darian Police Department for approximately 14 months and that this was her third DUI arrest. Noga was not a certified drug recognition expert (DRE). None of the Darian Police Department officers were DRE trained. No blood or urine sample was obtained from defendant. Gordon and Noga were the only two witnesses to testify at trial.

¶ 9        The court continued the case following trial to allow the parties to submit case law on (1) whether an officer had to give specific opinion testimony that a defendant was under the

3

influence of a drug, and (2) whether someone must be certified to render an opinion that a defendant was under the influence of drugs. Following the parties' submission of case law, the court believed that "there can be proof beyond a reasonable doubt without a DRE expert testifying as long as there's a foundation laid for the opinion." The court held that there was sufficient foundation laid for Officer Noga's opinion given the ample circumstantial evidence that defendant was under the influence of drugs. The court, thus, found defendant guilty of DUI. Defendant filed a motion to reconsider and motion for a new trial arguing there was insufficient evidence to prove the charge beyond a reasonable doubt. Both motions were denied. Defendant was sentenced to 18 months' probation and 240 hours of community service. Defendant appealed.

¶ 10                                              II. ANALYSIS

¶ 11        On appeal, defendant argues that the State failed to prove beyond a reasonable doubt that he was under the influence of a drug at the time of the incident.

> "When the sufficiency of the evidence in support of a criminal conviction is challenged on appeal, a reviewing court, considering all of the evidence in the light most favorable to the prosecution, must determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime." *People v. Lenz*, 2019 IL App (2d) 180124, ¶ 100.

"[A] reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of the witnesses." *People v. Brown*, 2013 IL 114196, ¶ 48.

¶ 12        To prove a charge under section 11-501(a)(4) of the Illinois Vehicle Code, the State must establish that defendant (1) drove or was in actual physical control of a vehicle (2) while under the influence of any drug or combination of drugs (3) to a degree that rendered him incapable of safely

4

driving. *People v. Workman*, 312 Ill. App. 3d 305, 310 (2000). Section (a)(4) does not require proof of a specific drug, just that defendant was under the influence of any drug. *Lenz*, 2019 IL App (2d) 180124, ¶ 103. The parties agree that the first and third elements are not at issue, so "[t]he only question is whether [defendant] was impaired as the result of a medical emergency, the ingestion of drugs or alcohol, or some combination thereof." *People v. Gocmen*, 2018 IL 122388, ¶ 41.

¶ 13         "It is well established that even a layperson is competent to testify regarding a person's intoxication from alcohol, because such observations are within the competence of all adults of normal experience." *Workman*, 312 Ill. App. 3d at 310. But generally, a police officer may not offer an opinion that someone is under the influence of a drug or combination or drugs unless they have the relevant skills, experience, or training to render such an opinion. *Id.* at 310-11. Where defendant has not admitted to taking the alleged drug or being under the influence, lack of such competent testimony from a qualified witness regarding the nature and effect of the drug alleged to have been ingested "may create a reasonable doubt of the defendant's guilt, absent other sufficiently incriminating evidence." *Id.* at 311.

¶ 14         Here, defendant did not admit to ingesting any drug and there was no scientific evidence that defendant was under the influence of a drug. Noga was not qualified as a drug expert. She did not testify that she had any experience or expertise in detecting whether a person was driving while under the influence of drugs. She was not DRE trained and this was her first arrest for suspected DUI drugs. Moreover, while Noga testified that the field sobriety tests indicated "consumption" and "impairment," she did not specify that they indicated defendant had consumed or was impaired by a drug or combination of drugs, or even that these tests could determine consumption or

impairment from drugs. The evidence arguably suggests that defendant could have been impaired by alcohol, an intoxicating compound, or suffering from a medical condition.

¶ 15    We note that the court inferred Noga was offering an opinion that defendant was under the influence of a drug or combination of drugs based on her arrest of defendant for DUI. Even if we accept that Noga provided an opinion that defendant was under the influence of drugs without expressly stating so at trial, the evidence was still insufficient to support defendant's conviction. As previously stated, defendant did not admit to ingesting any drugs, no blood or urine sample was obtained, and no expert testimony was presented regarding drug use. The State, therefore, was required to introduce "other sufficiently incriminating evidence" that defendant was under the influence of a drug or drugs to supply foundation for Noga's inferred nonexpert opinion, which it failed to do. See *id.*

¶ 16    The only relevant evidence presented by the State was that defendant was acting bizarrely, as if he might be under the influence of a drug or combination of drugs. But as previously stated, the behavior could have been the result of a mental health episode, failure to take necessary medication, or something else entirely. Without either experience or training on the matter or other sufficiently incriminating evidence of drug use, an unqualified nonexpert is incapable of rendering an opinion on whether such behavior was the result of drug use. See, *e.g.*, *People v. Castino*, 2019 IL App (2d) 170298, ¶ 22 (finding there was "ample circumstantial evidence" to support a nonexpert police officer's opinion that defendant had heroin in his breath, blood, or urine where defendant had fresh track marks on his arms, swollen arms and hands, a white powder and blood in his nostril, red eyes and constricted pupils; there was a hypodermic needle in the pocket of the driver's-side door; both defendant and his passenger had drug paraphernalia on their person; and defendant admitted to using heroin that morning). Even taken in the light most favorable to the

State, the evidence regarding whether defendant was under the influence of a drug was unsatisfactory such that it cannot support a verdict of guilt beyond a reasonable doubt of this specific charge. We must therefore reverse defendant's conviction.

¶ 17                                III. CONCLUSION

¶ 18        The judgment of the circuit court of Du Page County is reversed.

¶ 19        Reversed.

¶ 20        JUSTICE BRENNAN, specially concurring:

¶ 21        As the majority observes, the sole issue in this case is whether defendant's considerable and obvious impairment was due to the influence of a drug or combination of drugs. Though the majority stresses that arresting officer Naga was not a DRE and that this was her first DUI drugs arrest, I write separately to emphasize that these facts are not nearly as important as the absence of evidence connecting any drug to defendant's impairment. Given the ubiquity of marijuana use in Illinois since its legalization, it is entirely possible for lay persons to have sufficient knowledge to identify evidence of marijuana use and impairment, just as with alcohol. In the instant case, however, no such evidence was presented.

¶ 22        The only evidence possibly connecting defendant's impairment to a drug was Naga's testimony that she smelled an odor of cannabis in Monday's vehicle. However, Noga did not specify whether she smelled the odor of burnt or raw cannabis in the vehicle and no cannabis was found in the vehicle or on defendant's person. Nor did defendant admit to consuming cannabis. Persons over 21 years of age may consume cannabis under Illinois law (410 ILCS 705/10-5 (West 2020)), and there are a variety of ways the odor of burnt cannabis from a lawful use might be transferred or linger in a vehicle. See *People v. Foltz*, 403 Ill. App. 3d 419, 426 (2010) (concluding that "[t]he smell of burnt cannabis coming from the defendant's car does not

7

prove that he had smoked cannabis that evening or that cannabis was in his breath, blood, or urine at the time of the arrest").

¶ 23    With the above points emphasized, I join in the majority's reversal on sufficiency of the evidence grounds.